Martin F. Casey, Esq. (MFC -1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff



JAN 3 1 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IPD GLOBAL, INC.

     Plaintiff,

  - against -

M/V UNI CONCORD, her engines, boilers,
tackle, etc. and EVERGREEN MARINE
CORPORATION;

     Defendants.
---------------------------------------------------------X

JUDGE PRESKA

**08 CV 1040**

08 Civ.

**COMPLAINT**

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333 and the provisions contained in the defendant's bill of lading.

    2.    Plaintiff, IPD Global, Inc. is a foreign corporation with a place of business located at 2800 Skymark Avenue, Suite 501, Mississauga, Ontario L4W 5A6, Canada.

    3.    Defendant, EVERGREEN MARINE CORPORATION, (hereinafter "Evergreen") is a foreign corporation with a place of business located c/o Evergreen America Corporation, 1 Evertrust Plaza, Jersey City, New Jersey 07302, and, at all

relevant times, was and still is doing business within the jurisdiction of this Honorable Court.

4. At all material times, the M/V UNI CONCORD was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

5. At all relevant times, Evergreen was and still is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the M/V UNI CONCORD as a common carrier of merchandise by water for hire.

6. Plaintiff was the consignee and owner of the consignment herein below described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

7. Between January 30, 2007 and February 3, 2007, at San Jose, Costa Rica, there was delivered to Evergreen, as common carrier, a consignment consisting of 10,500 boxes of Fresh Pineapples laden into refrigerated container nos. EMCU 5220941, EMCU 5108422, EISU 5692853, EMCU 5199021, EISU 5632978, EISU 5680873 and EMCU 5133750, then being in good order and condition, which said defendant received and accepted and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said consignment to Mississauga, Ontario, maintain a delivery air temperature of +7.5 degrees C, and there deliver the

aforementioned consignment of Fresh Pineapples in like good order and condition as when shipped, delivered to and received by it, to the consignee.

8. Evergreen received the subject consignment of Fresh Pineapples between January 30, 2207 and February 3, 2007, and thereafter issued Evergreen Marine Corporation bills of lading numbers EISU 476700006431, -6601, -6619, -6422, -6597, dated February 3, 2007 and bills of lading numbers EISU 476700004951, -6589, dated February 7, 2007.

9. Upon arrival of the cargo in Ontario on or about February 24, 2007 it was determined that Evergreen had failed to maintain proper delivery air temperatures during transit, which resulted in cargo damage.

10. Evergreen failed to deliver the consignment to the consignee in Ontario in a timely manner notwithstanding the perishable nature of the commodity, which delay resulted in cargo damage.

11. The damage to the aforementioned cargo did not result from any act or omission on the part of plaintiff, but, to the contrary, was the result in whole or in part, of the negligence and/or fault and/or breach of contract and/or breach of bailment of defendant Evergreen and or the unseaworthiness of the M/V Uni Concord.

12. By reason of the foregoing, plaintiff has been damaged in the amount of $88,000.00, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
January 31, 2008
300-01

                                                CASEY & BARNETT, LLC
                                                Attorneys for Plaintiff

By: _____
      Martin F. Casey (MFC-1415)
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      (212) 286-0225