9092/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
EVERGREEN MARINE CORP. (TAIWAN) LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IPD GLOBAL, INC.,<br><br>                                    Plaintiff,<br>      - against -<br><br>M/V UNI CONCORD, her engines, boilers, tackle, etc. and EVERGREEN MARINE CORPORATION,<br><br>                                    Defendants. | 08 CV 1040 (Judge Preska)<br><br>ECF CASE<br><br>**ANSWER** |

   Defendant, EVERGREEN MARINE CORPORATION (hereinafter "Evergreen"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, as and for its answer to the complaint, alleges upon information and belief as follows:

   1.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

   2.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

   3.   Admits that defendant Evergreen is a foreign corporation and that it has an agent, Evergreen Shipping Agency (America) Corp., located at 1 Evertrust Plaza, Jersey City, NJ 07302 and except as so admitted denies the allegations contained in paragraph 3.

4. Admits that the M/V UNI CONCORD was a diesel powered ocean going container vessel engaged in the common carriage of cargoes on the high seas and except as so admitted denies the allegations contained in paragraph 4.

5. Admits that Evergreen was and still is engaged in the business of a vessel operating common carrier as defined by the Shipping Act of 1984 and as amended by the Ocean Shipping Reform Act of 1998 and that it owned and operated the M/V UNI CONCORD as common carrier as merchandise by water for hire and except as so admitted denies the allegations contained in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Admits that between January 30, 2007 and February 3, 2007 there was delivered to Evergreen seven refrigerated containers in external good order and condition to be carried from Puerto Limon to Ontario, Canada pursuant to the terms and conditions of bill of lading contracts and except as so admitted denies the allegations contained in paragraph 7.

8. Admits that Evergreen received seven containers in external good order and condition said to contain fresh pineapples between the dates of January 30, 2007 and February 3, 2007 and that thereafter Evergreen issued bills of lading EISU476700006431, -6601, -6619, -6422, -6597, dated February 3, 2007 and bill of lading numbers EISU476700004951, -6589, dated February 7, 2007 and except as so admitted denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 except admits non-payment.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The shipments in question was carried from a foreign port to a United States port pursuant to a bill of lading contract and were, therefore, subject to the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.).

14. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and the aforesaid statute to the full extent they may be applicable to it.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's liability, if any, is limited to $500.00 per package pursuant to 46 App §1304(5).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Defendant claims the benefit of all exceptions, exemptions and limitations contained in the U.S. Harter Act (46 App. §190 et. seq.) and the general maritime law of the United States to the full extent they may be applicable to it.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Defendant Evergreen is not liable if the loss alleged in the complaint occurred as a result of: (a) an act, neglect or default of the Master, mariner, pilot or the servants of the carrier and the navigation or in the management of the ship 46 App §1304(2)(a); (b) perils, dangers, and accidents of the sea or other navigable waters 46 App §1304(2)(c); (c) an Act of God 46 App §1304(2)(d).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18.   If the loss alleged in the complaint occurred, it occurred as the result of a cause arising without the actual fault or privity of the carrier or without the fault or neglect of the agents or servants of the carrier. 46 App §1304(2)(q)

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19.   The damage in question was caused by an inherent vice in the cargoes of pineapples shipped by the plaintiff. 46 App §1304(2)(m)

**WHEREFORE**, Defendant Evergreen prays that the complaint be dismissed together with costs and disbursements incurred in the defense of this action.

Dated: New York, New York
       June 13, 2008

                                          CICHANOWICZ, CALLAN, KEANE,
                                          VENGROW & TEXTOR, LLP
                                          61 Broadway, Suite 3000
                                          New York, New York 10006

                                          *Attorneys for Defendant*
                                          EVERGREEN MARINE CORPORATION

                             By:    s/ Paul M. Keane

                                          Paul M. Keane (PMK-5934)

To:   Martin Casey
      CASEY & BARNETT, LLC
      317 Madison Avenue, 21st Floor
      New York, New York 10017

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On June 13, 2008, I served a complete copy of EVERGREEN MARINE CORPORATION'S answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:  Martin Casey
     CASEY & BARNETT, LLC
     317 Madison Avenue, 21st Floor
     New York, New York 10017

*Amanda Magri*
Amanda Magri

DATED:   June 13, 2008
         New York, New York